**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MACK LAMBERT**                                                                                    **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:14cv276-MTP**

**DR. RONALD E. WOODALL &**
**WEXFORD HEALTH SOURCES, INC.**                                             **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on the Motion for Summary Judgment [57] filed by Defendants Ronald E. Woodall and Wexford Health Sources and the Motion for Conditional Medical Release [50], Dispositive Motion [54], Motion for Protective Order [64], and Amended Motion for Preliminary Injunction [69] filed by the Plaintiff Mack Lambert. The Court having carefully considered the motions, the submissions of the parties, and the applicable law finds that the Motion for Summary Judgment [57] should be GRANTED, the Motions [50], [54], [64], and [69] should be DENIED, and this matter should be dismissed with prejudice.

## BACKGROUND

Plaintiff Mack Lambert, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on or about July 3, 2014.[1] The alleged events giving rise to this lawsuit occurred while the Plaintiff was in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the South Mississippi Correctional Institution ("SMCI"). His claims and requested relief were clarified and amended through his sworn testimony at a *Spears*[2]

---

[1] *See* Complaint [1] at 8.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

hearing held on February 12, 2015.[3]

Plaintiff claims that he was denied constitutionally adequate medical care while incarcerated at SMCI. Specifically, Plaintiff claims that beginning in April 2013, he has suffered from a chronic hernia condition that he believes requires surgery. He alleges that he was examined by Defendant Ronald E. Woodall, as doctor at SMCI, but that Woodall refused to authorize the surgery. According to the Plaintiff, Woodall denied the surgery because, in his medical opinion, he did not believe that Plaintiff would survive the surgery due to his poor health.[4] Plaintiff also alleges that in June 2011, Defendant Woodall wrongfully denied him his nitroglycerine prescription, although the Plaintiff states that he eventually received the medication.

Plaintiff also names Wexford Health Sources, Inc., as a Defendant, stating that it is the company that provides health care to the inmates at SMCI. Plaintiff alleges that Wexford is responsible for the inadequate treatment of Plaintiff's hernia condition. Plaintiff further alleges that he experienced a delay in receiving hemorrhoid medication, blood pressure medication and a hernia belt in July or August of 2014, for which Wexford is ultimately responsible.[5]

Plaintiff requests injunctive relief in the form of an order from this Court directing SMCI to provide him with adequate medical treatment, or, in the alternative, an order from this Court

---

[3]*See* Omnibus Order [39]. By Motion [44], Plaintiff requested a medical release from prison as an additional form of relief. The motion was construed by the Court as a motion to amend, which was granted by Order [46].

[4]*See* Omnibus Transcript [57-2] at 15; 18

[5]*Id.* at 20-23. Specifically, the Plaintiff alleged that he was deprived of medication for six or seven months before his hearing, which would place the time of his allegation in July or August of 2014.

directing that he be released from prison in order to receive proper medical care.[6]

## STANDARD

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). A nonmoving party cannot rest on its pleadings to avoid a proper motion for summary judgment. *See Celotex*, 477 U.S. at 325-26.

## ANALYSIS

### *Defendants' Motion for Summary Judgment*

#### *Defendant Woodall*

A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious health and safety needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). A plaintiff must meet an "extremely high" standard to show deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official

---

[6]*See* Omnibus Order [39]; Motion [44].

knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference is particularly difficult to establish when the inmate was provided with ongoing medical treatment. "Unsuccessful medical treatments, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346 (citations omitted). Complaints that more treatment should have been ordered, without more, are insufficient to show deliberate indifference. *See Domino*, 239 F.3d at 756 ("[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment."). Rather, the plaintiff must show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Finally, a prisoner's allegation that prison officials failed to timely provide him with treatment does not, by itself, constitute deliberate indifference. "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

In this case, the Court finds that Plaintiff has failed to present any evidence that the Defendants were deliberately indifferent to his medical needs. First, Plaintiff alleges that Dr. Woodall declined to authorize a necessary surgery to remove a hernia. However, Plaintiff conceded at the *Spears* hearing that the reason Dr. Woodall refused to authorize the surgery was his belief that

4

Plaintiff would not survive the procedure due to his other health issues.[7] Furthermore, Dr. Woodall

has submitted a sworn affidavit in support of his motion for summary judgment, in which he states:

"In my professional medical opinion [Plaintiff's] hernia does not require surgery. At present it is

reducible. The risks of surgery outweigh the potential reward . . . Mr. Lambert's hernia will continue

to be monitored and treated as needed."[8]

The Plaintiff also stated at the *Spears* hearing that he was ultimately provided a hernia belt

and medication to treat his condition, and his medical records reflect the same.[9] The record shows

that Plaintiff first complained of a growth around his navel on August 2, 2013.[10] He was examined

by a nurse the same day, who noted a "small inguinal hernia."[11] He was prescribed Ketorolac[12] and

a hernia belt, which had to be ordered. Plaintiff  received the hernia belt two weeks later on August

16, 2013.[13] When he complained of hernia pain on March 14, 2014, a new hernia belt was ordered.[14]

As for the Plaintiff's claims that he was denied his nitroglycerin prescription in June 2011,

which he claims was necessary to treat his heart problems, the record is devoid of any indication that

Plaintiff was prescribed nitroglycerin at that time or in the preceding months. Rather, the record

---

[7]Omnibus Transcript [57-2] at 18.

[8]*See* Woodall Affidavit [57-3] at 2.

[9]*Id.* at 19.

[10]*See* Medical Records [59-3] at 131-32.

[11]*Id.*

[12]Ketorolac is a NSAID medication used to relieve severe pain. *See* Ketorolac, PubMed Health, available at http://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0010832/?report=details.

[13]*See* Medical Records [59-5] at 173.

[14]*See* Medical Records [59-4] at 151.

reflects that Plaintiff was prescribed nitroglycerin for a short time between 2013 and 2014.[15] Plaintiff's medical records at SMCI, submitted by the Defendants in support of their motion for summary judgment, consist of over two thousand pages and reflect that Plaintiff received medical treatment regarding his heart condition on dozens of occasions over the course of several years.[16] In his sworn affidavit, Dr. Woodall avers that Plaintiff has been prescribed several medications for fluid buildup and hypertension, blood thinners and other heart related medications, in addition to a pacemaker. He opines that Plaintiff has received all "necessary and appropriate treatment."[17]

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (affirming district court's dismissal of inmate's deliberate indifference claims as frivolous); *Harris v. Epps*, 523 Fed. App'x 275, 275 (5th Cir. 2013) (per curium) (affirming summary judgment where inmate's medical records reflected that he had received ongoing medical treatment). The Court notes that Plaintiff has failed to offer any evidence contradicting his medical records. Having been confronted with a properly supported motion for summary judgment, Plaintiff can no longer rest on the allegations in his pleadings. *See Celotex*, 477 U.S. at 325-26.

Although Plaintiff is clearly dissatisfied with the Defendant Woodall's attempts to treat him, his own testimony as well as his medical records indicate that he regularly received ongoing medical treatment. Even taking Plaintiff's allegations as true – that Dr. Woodall declined to authorize surgery and prescribe medication, which in the Plaintiff's opinion, he thought he needed – his claims

---

[15]*See* Medical Records [59-3] at 29-30; [59-5] at 49.

[16]*See generally* Medical Records [59] & Exhibits [59-1] through [59-10].

[17]*See* Woodall Affidavit [57-3].

nonetheless fail. It is well settled that a prisoner's disagreement with medical treatment fails to establish deliberate indifference. *See, e.g., Gobert*, 463 F.3d at 346; *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, "the decision whether to provide additional treatment is a classic example of a matter for medical judgment." *See Domino*, 239 F.3d at 756. At best, Plaintiff's claims allege negligence and medical malpractice on behalf of the Defendant Woodall, which falls short of the required showing of deliberate indifference. *See Gobert*, 463 F.3d at 346 (holding that acts of negligence or medical malpractice do not constitute deliberate indifference).

While it is clear from the record that the Plaintiff is in poor health, the record also reflects the he is receiving consistent and constitutionally adequate care. Accordingly, Defendant Woodall is entitled to judgement as a matter of law.[18]

### Defendant Wexford Health

Plaintiff asserts that Defendant Wexford Health delayed certain medical treatment. Specifically, Plaintiff alleges that in July or August of 2014, he was deprived of his hemorrhoid

---

[18]The Court also notes that the particular form of relief requested by the Plaintiff–an order from the Court releasing him from prison due to his declining health–is unavailable in any event. The United States Supreme Court has clearly held: "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7 (1979); *see also Payne v. American Correctional Ass'n*, 3:11cv389, 2011 WL 5872956 at *3-4 (S.D. Miss. Nov. 23, 2011). The statute upon which Plaintiff relies, Mississippi Code Annotated Section 47-7-4, provides that conditional medical release from prison may be granted by the MDOC Commissioner and medical director. Plaintiff has cited no case in which the commissioner or medical director of a correctional institution was ordered by the court to grant a prisoner a medical release. *See F.M. Simmons v. Cannon*, 6:08cv304, 2009 WL 1350812 at *8 (E.D. Tex. May 12, 2009) (holding that a similarly worded Texas statute did not confer authority to the court to order state prison authorities to release a prisoner for medical reasons, as the statute made clear that any such release was within the discretion of the prison authorities).

medication, blood pressure medication, and hernia belt. However, the Plaintiff concedes that he eventually received these treatments.

Plaintiff's claims against Wexford fail on several fronts. First, any support for the alleged delay in treatment is completely absent from the Plaintiff's medical records. Moreover, Plaintiff has failed to allege whatsoever that he suffered the requisite "substantial harm" as a result of the delay in treatment. *See* Easter, 467 F.3d at 463 ("[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm."). Next, the Court finds that the Plaintiff has failed to demonstrate that Defendant Wexford Health affirmatively participated in any act causing a constitutional deprivation or that Wexford implemented unconstitutional policies that injured the Plaintiff. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff simply alleges that because Wexford provides health services to inmates at SMCI, it is the entity ultimately responsible for assuring that he timely receives his medications. Such a claim cannot withstand summary judgment.

Finally, because the Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983, Defendant Wexford Health cannot be held liable for the actions of an employee under the *respondeat superior* theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Thus, to the extent that Plaintiff attempts to place liability on Wexford simply for the acts of Defendant Woodall who provided medical treatment to him, Wexford is entitled to judgment as a matter of law.

***Plaintiff's Dispositive Motions***

In his Motions [50] & [54], which the Court will construe as motions for summary judgment, Plaintiff simply repeats his original allegations and references other claims that are not before the Court. Therefore, due to the analysis of the Plaintiff's claims *supra*, the undersigned concludes that

Plaintiff's Motions [50] & [54] should be denied.

***Motion for Protective Order and Amended Motion for Preliminary Injunction***

In the Motion for Protective Order [64], Plaintiff requests an order from this Court directing Defendant Woodall to cease retaliating against him by withholding medications. In the Amended Motion for Preliminary Injunction [69], Plaintiff reiterates his claims that he is being denied medications and reasserts his requests for relief.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

The Plaintiff has not met his burden of establishing the four elements required to receive injunctive relief. Plaintiff has not demonstrated a substantial likelihood of success on the merits for the reasons set forth above. As for the relief Plaintiff seeks from alleged retaliation, Plaintiff has failed to establish that the alleged denial of medication by Dr. Woodall was in any way connected to his lawsuit. It is well established that general allegations of retaliation do not constitute a cognizable claim. *See, e.g., Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (holding that in order to state a claim of retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a

9

retaliatory adverse act, and (4) causation).

IT IS, THEREFORE, ORDERED:

1.    That the Motion for Summary Judgment [57] filed by Defendants Woodall and
      Wexford Health be GRANTED and this action be dismissed with prejudice;

2.    That the Motion for Conditional Medical Release [50], Dispositive Motion [54],
      Motion for Protective Order [64] and Amended Motion for Preliminary Injunction
      [69] filed by the Plaintiff Mack Lambert be DENIED; and

6.    That a separate judgment in accordance with Federal Rule of Civil Procedure 58 will
      be filed herein.

SO ORDERED this the 19th day of November, 2015.

                              s/ Michael T. Parker
                              United States Magistrate Judge

10